UNITED STATES of America, Plaintiff,

v.

Wilbert P. FEISTE, et al., Defendants.

No. CR. 89–0–115.

United States District Court, D. Nebraska.

Feb. 7, 1991.

## MEMORANDUM AND ORDER

STROM, Chief Judge.

This matter is before the Court on the government's objections (Filing No. 268) to the findings and recommendations of the magistrate (Filing No. 267). A hearing was held on January 25, 1991, at which time the government offered additional evidence with respect to the magistrate's finding that the government's failure to "immediately" seal wiretap tapes as required by Neb.Rev Stat. § 86–705(8) (Reissue 1987) and 18 U S.C. § 2518(8)(a), was inexcusable.[1] The magistrate recommended that defendants' motions to suppress be granted in that the "fruits" of the wiretap be suppressed, but that the indictment *not* be dismissed.

At the January 25, 1991, hearing, the government offered the testimony of two witnesses, Federal Bureau of Investigation Special Agent S.R. Bunch and Deputy Douglas County Attorney Robert C. Sigler. Special Agent Bunch testified that, the original tapes were not immediately sealed because they were used to facilitate the transcription of working tapes. Bunch testified that on two occasions during transcription, a working tape had broken, alarming law enforcement officials that other working tapes might also be defective. Bunch testified that law enforcement officials wanted the original tapes available in the event that other working tapes broke.

Bun<sup>,</sup>h repeatedly stated that, if a working tape had to be made from an original tape that had been immediately sealed, it would have been a "pain" to petition the court to unseal the original so that additional working copies could be made. Sigler testified that he believed the immediacy requirement for sealing tapes pursuant to § 86–705(8) was analogous to the ten (10) day requirement for the execution and return of a search warrant under Nebraska law.[2] Other than this testimony, the government offered no justification for its failure to immediately seal the original tapes.

As this is a prosecution under federal law, the issues raised by the motion to suppress must be judged by federal law. The federal wiretap statute, 18 U.S.C. §§ 2510–2520, preempts state law pertaining to electronic surveillance, and federal standards are to be applied in determining the admissibility of evidence. *United States v. Van Horn*, 579 F.Supp. 804, 810 (D.Neb.1984), *aff'd sub nom. United States v. Womochil*, 778 F.2d 1311, 1312–13 (8th Cir.1985).

Both § 86–705(8) and its federal counterpart, 18 U.S.C. § 2518(8)(a), provide that "[i]mmediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made to the judge issuing such order and sealed under his directions." Title 18, U.S.C. § 2518 has an exclusionary remedy for non-compliance with the sealing requirement, providing that the "presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517."

The United States Supreme Court has held that the "'satisfactory explanation' language in § 2518(8)(a) must be understood to require that the Government explain not only why a delay occurred but also why it is excusable." *United States v. Rios*, 495 U.S. 257, 265, 110 S.Ct. 1845, 1850, 109 L.Ed.2d 224 (1990). "In estab-

---

1. The government also objected to the magistrate's finding that the government's failure to seek judicial approval for the interception of other crimes pursuant to Neb.Rev.Stat. § 86–704(5) (Reissue 1987) and 18 U.S.C. § 2517(5), mandated that evidence of other crimes not within the scope of the existing wire-tap order be suppressed.

2. *See* Neb.Rev.Stat. § 29–815 (Reissue 1989).

lishing a reasonable excuse for a sealing delay, the government is not required to prove that a particular understanding of the law is correct, but rather only that its interpretation was objectively reasonable at the time." *Id.* 495 U.S. at 266, 110 S.Ct. at 1851.

The Court finds that the reason the government gives for its failure to immediately seal the original tapes was simply a matter of convenience. The Court concludes that convenience is not a "satisfactory explanation" within the meaning of *Rios* that would constitute an excusable delay in the sealing of the original tapes. In addition, Sigler's contention that he understood the immediacy requirement to be analogous with the ten (10) day requirement for the execution and return of a search warrant is not objectively reasonable, given the clear language of § 86–705(8).

The Court has conducted a *de novo* review of the findings and recommendations of the magistrate pursuant to 28 U.S.C. § 636, has considered the government's objections and additional evidence, and concludes that the findings and recommendations of the magistrate are correct and should be adopted in their entirety. Accordingly,

IT IS ORDERED:

1) The findings and recommendations of the magistrate are adopted in full;

2) Defendants' motions to suppress (Filing Nos. 160, 175, 183, 185, 189, 190, 191, 196, 197, 199, 200, 202, 203, 204, 213, 217, 236, 237, 238, 240, 241, 242, 248, and 249) are granted.

3) The motions to dismiss (Filing Nos. 243, 250 and 251) are denied.